# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BONNIE CARTER**

    **Plaintiff,**

v.                                                                                                                                         Case No: 6:25-cv-372-JSS-DCI

**FLORIDA DEPARTMENT OF**
**CHILDREN AND FAMILIES et al.,**

    **Defendants.**

## ORDER

This matter is before the Court on Defendant Tonia Werner, M.D.'s Motion to Quash Process and Motion to Quash Service of Process. Doc. 30 (the Motion to Quash). The Motion to Quash is due to be **GRANTED**, rendering the Motion to Dismiss (Doc. 31) **MOOT**.

### I.   BACKGROUND

On March 17, 2025, Plaintiff Bonnie Carter (Ms. Carter) filed a complaint against Defendants Florida Department of Children and Families, Tonia Werner, M.D. (Dr. Werner), Judy Palaia, Agency for Persons with Disabilities, Leslie Richards, and Jo Lisa Byers. Doc. 1 (the Complaint). Plaintiff alleges that Defendants have violated: Plaintiff's civil rights; the RICO Act, 18 U.S.C. § 1962; the Geneva Convention; and the Americans with Disabilities Act, 42 U.S.C. § 12203. Doc. 1. Plaintiff also raises claims for breach of fiduciary duty and malicious prosecution. *Id.* The Court issued a summons for each Defendant on April 14, 2025.[1] Doc. 6.

---

[1] Plaintiff has yet to file a return of service for any Defendant, but Defendant Leslie Richards filed a waiver of service in July.

Dr. Werner failed to timely respond to the Complaint and, on May 23, 2025, filed a motion seeking leave of the Court to file her response to the Complaint: the Motion to Dismiss (Doc. 31) and the instant Motion to Quash (Doc. 30). Doc. 29. Dr. Werner also requested that the Court "deem[ ] its Motion to Dismiss timely filed as of May 23, 2025." Doc. 29 at 3. The Court granted Dr. Werner's request to file an out-of-time response to the Complaint and construed the filings (Docs. 30 and 31) as timely filed. Doc. 45 at 5.

In the Motion to Quash, filed "pursuant to Fed. R. Civ. P. 12(b)," Dr. Werner represents that Ms. Carter attempted to serve process on her by transmitting the summons and Complaint via facsimile and U.S. Mail. Doc. 30 at 1, 2. Dr. Werner asserts that such process is insufficient, and—to the extent Ms. Carter intended to request a waiver of service—she failed to comply with Rule 4(d)'s requirements. *Id.* Accordingly, Dr. Werner claims that "this Court does not have personal jurisdiction over her and service should be quashed." *Id.* at 2.

Ms. Carter filed a response to the Motion to Quash (Doc. 65, the Response) and contends that Dr. Werner has received "clear and sufficient notice of the Summons and Complaint" despite the "inadvertent omission of the Rule 4(d) waiver form." Doc. 65 at 3. Ms. Carter further "requests leave of Court to rectify any such defects through additional proper service[.]" *Id.* at 3.

## II.    DISCIUSSION

Where service of process is insufficient, a district court lacks personal jurisdiction and has no power to render judgment over that defendant. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). Further, Rule "12(b)(5) provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process." *Smith v. Conner*, 2013 WL 268685, at *2 (M.D. Fla. Jan. 24, 2013) (citations omitted).

2

There is no dispute that Ms. Carter failed to sufficiently serve process on Dr. Werner. Doc. 65 at 1 ("Plaintiff acknowledges the inadvertent omission of the Rule 4(d) waiver form but emphasizes that such omission is procedural, not substantive, and readily curable."). Accordingly, the Court lacks jurisdiction over Dr. Werner and the Motion to Quash is well taken. However, the Court finds that Ms. Carter may cure the deficiencies if given leave to re-attempt service on Dr. Werner. *See Allah El v. Avesta Homes*, 2012 WL 515912, at *4 (M.D. Fla. Feb. 16, 2012) ("[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." (citation omitted)).

Accordingly, it is **ORDERED** that:

1. The Motion to Quash (Doc. 30) is **GRANTED**. Service of process improperly made on Dr. Werner is **QUASHED**;

2. The pending Motion to Dismiss (Doc. 31) is **DENIED without prejudice as MOOT** (if Dr. Werner is properly served, Dr. Werner may respond to the operative complaint in accordance with the Federal Rules of Civil Procedure); and

3. **On or before October 17, 2025**, Plaintiff must serve Dr. Werner and file proof of service upon completion. Failure to serve Dr. Werner by that date may result in dismissal of Plaintiff's claims against Dr. Werner without further notice. Fed. R. Civ. P. 4(m).

**ORDERED** in Orlando, Florida on September 19, 2025.

Copies furnished to:

Counsel of Record
Unrepresented Parties

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE