UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONNIE CARTER,

    Plaintiff,

v.                                                       Case No: 6:25-cv-372-JSS-DCI

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES, JUDY
PALAIA, AGENCY FOR PERSONS
WITH DISABILITIES, LESLIE
RICHARDS, JO LISA BYERS, and
TONIA WERNER,

    Defendants.
_____/

## ORDER

    Plaintiff purports to proceed pro se, (*see, e.g.*, Dkt. 1 at 22), and the court has accordingly treated her filings as such, (*see* Dkt. 59 at 1). However, Defendants represent that Plaintiff forwarded an email to a Defendant from David Russell, a member of the Florida Bar, indicating that Russell drafted the complaint and possibly other documents. (*See* Dkts. 80, 80-1.) Defendants thus move to "requir[e] Plaintiff to disclose all counsel who have assisted her in any way in this litigation and the extent of such assistance," to "requir[e] such counsel to formally appear in this action and sign any prior papers with which they assisted," and to "requir[e] Plaintiff to certify in every subsequent filing or served document whether she has received any assistance from counsel with respect to the filing or served document." (Dkt. 80 at 5.) *See Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 914 (11th Cir. 2017) (describing

the court's instruction that "if [the plaintiffs] elected to proceed pro se, . . . all . . . documents filed in th[e] case [had to] include above [the plaintiffs'] signatures the following certification: 'We hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that we have authored the foregoing document without assistance from . . . any . . . undisclosed attorney.'").

Plaintiff has not responded to Defendants' motion, and the time to do so has passed. *See* M.D. Fla. R. 3.01(c). As a result, "the motion is subject to treatment as unopposed." *Id.* Upon consideration, the court grants the unopposed motion. *See Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) ("[A]ny ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved."); *Hammett v. Sec'y, Dep't of Homeland Sec.*, No. 609CV397ORL31KRS, 2011 WL 13175525, at *1 n.1 (M.D. Fla. Apr. 28, 2011) ("An attorney who ghost[]writes pleadings for a purportedly pro se litigant engages in unethical behavior and violates Fed[eral] R[ule of] Civ[il] P[rocedure] 11.").

"The federal courts have almost universally condemned ghostwriting." *Evangelist v. Green Tree Servicing, LLC*, No. CIV. 12-15687, 2013 WL 2393142, at *3 (E.D. Mich. May 31, 2013) (collecting cases). When an attorney ghostwrites a pro se pleading, the litigant improperly receives the benefit of the liberal construction afforded pro se pleadings. *Duran*, 238 F.3d at 1271–72. By not signing the pleading, the attorney also is shielded "from responsibility and accountability for his actions and counsel." *Id.* at 1272. "It would be unfair to afford [Plaintiff] this leniency while allowing an undisclosed attorney to represent [her] in substance and not in form."

*Thigpen v. Banas*, No. 08 C 4820, 2010 WL 520189, at *2 (N.D. Ill. Feb. 11, 2010); *see Kelly v. First Data Corp.*, Case No: 1:19-cv-372, 2020 WL 419440, at *13 (S.D. Ohio Jan. 27, 2020) (declining to construe a complaint liberally based on a misrepresentation of pro se status); *In re Mungo*, 305 B.R. 762, 769 (Bankr. D.S.C. 2003) ("Ghost[]writing attorneys and the pro se litigants who take an advantage in this manner should not be rewarded.  Therefore, upon a finding of ghost[]writing, the [c]ourt will not provide the wide latitude that is normally afforded to legitimate pro se litigants.").

Accordingly:

1. Defendants' unopposed motion (Dkt. 80) is **GRANTED**.

2. On or before October 17, 2025, Plaintiff shall file a notice with the court disclosing all counsel who have assisted her in any way in this case as well as the extent of any such assistance, shall contact any such counsel and inform them that the court orders them to formally appear in this case and to sign any prior papers with which they provided her any assistance, and shall certify in every subsequent filing or served document in this case whether she has received any assistance from counsel with respect to the filing or served document.

3. The Clerk is **DIRECTED** to mail a copy of this order to David Russell to ensure that he is made aware of the court's concerns.  If Russell has assisted Plaintiff, then he should either file a notice of appearance or submit an affidavit or declaration explaining why the filing of such a notice has not occurred.  *See*

*Garcia v. Thor Motor Coach, Inc.*, No. 16-20230-CIV, 2016 WL 9376014, at *5 (S.D. Fla. Oct. 13, 2016), *report and recommendation adopted by* No. 16-20230-CIV, 2017 WL 3112818, at *1 (S.D. Fla. Jan. 31, 2017).

4. Failure to comply with this order may result in sanctions, up to and including dismissal of this action without further notice. *See United States v. Benally*, No. CIV 10-0052 WJ/KBM, 2011 WL 13289866 (D.N.M. Mar. 21, 2011) (striking attorney ghostwritten documents); *In re West*, 338 B.R. 906 (Bankr. N.D. Okla. 2006) (imposing monetary sanctions on an attorney following a warning).

**ORDERED** in Orlando, Florida, on September 26, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties

Counsel of Record

David Russell
City of Daytona Beach
301 S Ridgewood Ave
PO Box 2451
Daytona Beach, FL 32114-4933